IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| TIMOTHY CUNNINGHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 15 C 2579 |
| | ) | |
| STEPHEN DUNCAN, WARDEN, | ) | Judge Virginia M. Kendall |
| LAWRENCE CORRECTIONAL CENTER | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Timothy Cunningham is currently incarcerated at the Lawrence Correctional Center in Sumner, Illinois, in Stephen Duncan's custody. (Dkt. No. 10 at 2). Cunningham is serving a life sentence for first degree murder, to run consecutively to additional sentences of twenty-five years for attempted murder and twenty years for home invasion. (Dkt. No. 16-20). Cunningham has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Upon review of the state court record, the Court concludes that Cunningham's petition in relation to his first degree and attempted murder judgments is untimely. The Court further finds that Cunningham's petition regarding his home invasion conviction is procedurally defaulted. The Court therefore dismisses Cunningham's petition (Dkt. No. 1) in its entirety with prejudice and declines to issue a Certificate of Appealability.

## BACKGROUND

Following a 2001 jury trial in the Circuit Court of Will County, Illinois, Cunningham was convicted of first degree murder, 720 ILCS 5/9-1(a)(2), felony murder, 720 ILCS 5/9-1(a)(3),

attempted murder, 720 ILCS 5/8-4(a), and home invasion, 720 ILCS 5/12-11(a)(2)[1]. The trial court merged the home invasion and felony murder convictions into the first degree murder conviction. On July 10, 2001, Cunningham was sentenced to life in prison for first degree murder, to run consecutive to a term of twenty-five years for attempted murder. Following his conviction, Cunningham appealed to the Illinois Appellate Court for the Third District. *See People v. Cunningham*, No. 3-01-0514 (Ill. App. Ct. 2003). On November 25, 2003, the Illinois Appellate Court vacated Cunningham's felony murder conviction while affirming his first degree murder and attempted murder convictions. (Dkt. No. 16-1 at 13). Cunningham filed a petition for leave to appeal ("PLA") in the Illinois Supreme Court, which was denied on March 24, 2004. (Dkt. No. 16-8). The United States Supreme Court denied Cunningham's petition for certiorari on October 4, 2004. (Dkt. No. 16-9).

Cunningham filed a *pro se* post-conviction petition pursuant to 725 ILCS 5/122-1 on September 22, 2004 asserting, among other things, 132 allegations of ineffective assistance of trial counsel. (Dkt. No. 16-27 at C1233-1327). The trial court appointed post-conviction counsel to Cunningham, (Dkt. No. 16-2 at 2), who filed an amended post-conviction petition asserting, inter alia, nine grounds of ineffective assistance of trial counsel. (Dkt. No. 16-27 at C1409-28). The trial court dismissed the petition on October 11, 2007. (Dkt. No. 16-28 at C1545). On appeal, Cunningham alleged that post-conviction counsel provided unreasonable assistance in violation of Illinois Supreme Court Rule 651(c) by failing to adequately present his *pro se* claims in the amended petition and failing to argue that his sentences should run concurrently. (Dkt. No. 16-2 at 3-4). The Illinois Appellate Court affirmed the trial court's dismissal of Cunningham's post-conviction petition on August 27, 2009. (Dkt. No. 16-2 at 7). Cunningham's *pro se* PLA to

---

[1] Statute renumbered as 720 ILCS 5/19-6 on January 1, 2013.

the Illinois Supreme Court, where he contended that he received ineffective assistance from trial counsel, was denied on January 27, 2010. (Dkt. No.16-14).

On September 8, 2010, Cunningham filed a *pro se* motion for leave to file a successive post-conviction petition. (Dkt. No. 16-29 at R1635-89). The Circuit Court of Will County denied the motion on October 13, 2010. (Dkt. No. 16-29 at R1690). On appeal, Cunningham argued that his sentence was void because the trial court improperly merged his home invasion conviction into his first-degree murder conviction. (Dkt. No. 16-3 at ¶ 3). The Illinois Appellate Court affirmed Cunningham's convictions but held that the merger was improper and remanded for sentencing only on the home invasion conviction. (Dkt. No. 16-3 at ¶ 7). Cunningham filed a petition for rehearing with the Illinois Appellate Court on May 22, 2012, arguing that the proper remedy for a void sentence was resentencing on all counts. (Dkt. No. 16-18 at 2,11). The Illinois Appellate Court denied his petition on June 8, 2012. (Dkt. No. 16-18 at 24). Cunningham's ensuing PLA, raising the same argument, was denied by the Illinois Supreme Court on September 26, 2012. (Dkt. No. 16-19). On March 4, 2014, the trial court sentenced Cunningham to twenty years for home invasion, to run consecutive to his preexisting twenty-five year and life sentences for attempted first degree murder and first degree murder, respectively. (Dkt. No. 16-20). He did not appeal the sentence.

This Court received Cunningham's *pro se* petition for a writ of habeas corpus on March 25, 2015. (Dkt. No. 1). Cunningham alleges ineffective assistance of trial counsel and that a conflict of interest existed between his trial attorney and the state prosecutor. (Dkt. No. 1). The Court also received Cunningham's motion to file a late petition for a writ of habeas corpus on March 25, 2015. (Dkt. No. 5). Respondent Stephen Duncan filed an answer on June 3, 2015.

(Dkt. No. 15 at 15). The Court received Cunningham's reply on June 22, 2015, five days past its due date. (Dkt. No. 17). Nevertheless, the Court considers Cunningham's reply in this ruling.

## DISCUSSION

**A.     Cunningham's Habeas Petition Concerning his First Degree Murder and Attempted Murder Convictions is Untimely**

Under 28 U.S.C. § 2244(d)(1), a one year statute of limitations applies to petitions for a writ of habeas corpus by an individual in custody pursuant to the judgment of a state court. The limitations period typically begins to run on the date on which the petitioner's judgment becomes final by the conclusion of direct review of the judgment or the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (statute of limitations under § 2244(d)(1) does not run until both conviction and sentence become final). Here, Cunningham's first-degree murder and attempted murder judgments for those convictions became final when his petition for certiorari to the United States Supreme Court was denied on October 4, 2004. *See Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

This statute of limitations is tolled, however, while a "properly filed" application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Cunningham filed a *pro se* post-conviction petition on September 22, 2004. The Illinois Appellate Court affirmed the denial of that petition, but remanded Cunningham's home invasion conviction for sentencing on independent grounds. (Dkt. No. 3). Thus, Cunningham's first degree murder and attempted murder judgments were left undisturbed. S*ee People v. Warren*, 16 N.E.3d 13, 42 (Ill. App. Ct. 2014) (appellate court has authority to correct a void judgment, regardless of the nature of the proceeding that brings the error to the court's attention). Accordingly, the statute of limitations began to run on those two judgments when the Illinois Supreme Court denied his post-conviction PLA on January 27, 2010. Cunningham therefore

needed to submit his petition for habeas corpus challenging his first degree murder and attempted murder judgments in this Court by January 27, 2011. Cunningham failed to file his federal habeas petition in this Court until March 25, 2015, thereby missing his deadline by over four years for his first degree murder and attempted murder judgments.

The fact that Cunningham sought to file a successive post-conviction petition in state court does not save his federal petition. In Illinois, a petitioner may only file one petition for post-conviction relief absent leave of court. 725 ILCS 5/122-1(f). Where a petitioner applies for successive post-conviction relief in Illinois, "the second petition tolls the limitations period only if the state court grants permission to file it." *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009). Cunningham's motion for leave to file a successive post-conviction petition was denied by the trial court. Therefore, it was never "properly filed" under § 2244(d)(2) and has no effect on the limitations period. *See id.* Because the trial court denied Cunningham's request to file a successive post-conviction petition, his federal statute of limitations was not tolled and his federal filing is untimely.

Nor is Cunningham's petition salvaged by equitable tolling. Equitable tolling of the limitations period is available only if Cunningham can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). It is the petitioner's burden to establish both requirements. *Id.* Equitable tolling of the limitation period imposed by § 2244(d) is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Id.* (citations and quotation marks omitted). The application of equitable tolling requires courts to employ a fact-intensive inquiry on a case-by-case basis. *See Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014).

Here, Cunningham fails to demonstrate that he was diligently pursuing his rights from the time the statute of limitations began to run. The availability of equitable tolling, albeit rare, depends on the facts of each case. *See id.* at 688 ("[petitioner's] repeated efforts to obtain an unjustifiably withheld file, the minimal time he had in which to complete a petition afterward, and the initial determination that tolling was appropriate" warranted equitable tolling). Cunningham asserts that he "was diligently pursuing his appeal interests." (Dkt. No. 17 at 2). He also claims that he suffered both a mild heart attack and the theft of his paperwork, trial transcripts, and legal research. (Dkt. No. 1 at 18). Assuming, absent any evidence, that these events occurred, Cunningham nevertheless does not make the requisite showing to justify equitable tolling. He claims his paperwork was stolen in September 2014 and that his heart attack occurred the following month. (Dkt. No. 1 at 18). But the statute of limitations began to run on January 27, 2010 and Cunningham makes no attempt to explain any circumstance prior to 2014 that prevented him from filing a petition in this Court. Failing to show the Court any "extraordinary circumstance" that prevented him from timely filing his habeas petition, Cunningham fails to establish that equitable tolling applies here.

Cunningham's habeas petition challenging his first degree murder and attempted murder judgments is over four years belated and his habeas petition attacking those judgments is therefore untimely. The Court dismisses his petition with respect to his first degree murder and attempted murder convictions. However, Cunningham's sentence for home invasion was entered on March 4, 2014 and became final on April 3, 2014. *See* Ill. Sup. Ct. R. 605(a) (defendant has thirty days from imposition of sentence to appeal). Thus his petition challenging that judgment, filed on March 25, 2015, is timely filed.

**B.     Cunningham's Habeas Petition is Procedurally Defaulted**

Before a federal court will consider his claims, a federal habeas petitioner must exhaust state remedies. 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (citations omitted). In particular, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal habeas petition. *See Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012). "[W]hen a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review those claims are procedurally defaulted." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). A petitioner also procedurally defaults a claim if he fails to raise his federal claim in compliance with relevant state procedural rules and the state court's refusal to adjudicate the claim is based on an independent and adequate state ground. *See Cone v. Bell*, 556 U.S. 449, 465 (2009). Procedural default precludes federal court review of a petitioner's habeas claims. *See Mulero*, 668 F.3d at 536. Here, Cunningham's habeas petition alleges a litany of ineffective assistance of trial counsel claims and that a conflict of interest existed between trial counsel and the state prosecutor. He did not raise the conflict of interest issue in any proceeding in state court. He raised the ineffective assistance of trial counsel claims in his post-conviction petition in trial court and PLA to the Illinois Supreme Court, yet failed to raise them in the post-conviction Illinois Appellate Court, where he argued only that his post-conviction counsel provided unreasonable assistance.[2] (Dkt. No. 16-2 at 4-5). Cunningham additionally failed to

---

[2] Cunningham claims that he filed a motion for reconsideration "asserting all the Habeas Corpus claims to the post-conviction appellate court (sic)." (Dkt. No. 17 at 3). However, the Court has carefully reviewed the record and finds no evidence that any such motion was ever filed. Even if Cunningham filed such a motion raising his ineffective assistance of trial counsel claims, the issue would be waived. *See Pitsonbarger v. Gramley*, 141 F.3d 728, 734 (7th Cir. 1998) (habeas petitioner's constitutional claim procedurally defaulted where claim is first presented to the Illinois Appellate Court in a motion to reconsider and vacate the Circuit Court's denial of his post-conviction petition, even if then presented to the Illinois Supreme Court); *see* Ill. Sup. Ct. R. 341(h)(7) ("[p]oints not argued are

raise his ineffective assistance claims on direct appeal. Because Cunningham failed to present his instant ineffective assistance claims at every level of state-court review, those claims are procedurally defaulted. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Woods v. Schwartz*, 589 F.3d at 373.

A federal court may hear a habeas petitioner's procedurally defaulted claim only if he can demonstrate cause and prejudice for the default or demonstrate that failure to consider the claim would result in a fundamental miscarriage of justice. *See Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008). A petitioner's failure to raise an argument for either precludes a federal court from considering a defaulted claim. *Id.* Here, Cunningham makes no attempt to show cause for his failure to present his conflict of interest claim in his state court proceedings and the Court will not consider it.

However, Cunningham does contend that appointed counsel for his post-conviction petition provided ineffective assistance by failing to raise a number of his ineffective assistance of trial counsel claims. (Dkt. No. 17 at 3). Only in rare occasions, however, may post-conviction counsel's failure to raise an ineffective assistance of trial counsel claim excuse procedural default. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (in states where "claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."); *see also* 28 U.S.C. § 2254(i) ("[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under § 2254."). In other

---

waived and shall not be raised . . . on petition for rehearing."); Ill. Sup. Ct. R. 367(b); *People v. Wright*, 740 N.E.2d 755, 766 (Ill. 2000) ("parties may not argue new points in a petition for rehearing").

words, ineffective assistance of post-conviction counsel will excuse default only where state law "does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013) (citations omitted). Collateral proceedings are not the first opportunity to raise an ineffective assistance of trial counsel claim in Illinois. *See People v. Miller*, 988 N.E.2d 1051, 1062 (Ill. App. Ct. 2013) (declining to apply *Ryan* because "Illinois, unlike Arizona, considers ineffective-assistance claims on direct appeal."). Cunningham had the opportunity to present his ineffective assistance of trial counsel claims on direct review and failed to do so. *See* Dkt. No. 16-4 & 6. Therefore, he cannot show cause to excuse the default of those claims. Accordingly, the Court will not address prejudice. *See Promotor v. Pollard,* 628 F.3d 878, 887 (7th Cir.2010).

Nor is Cunningham saved by the fundamental miscarriage of justice exception to default. To justify imposition of this exception, Cunningham has the burden of demonstrating that he is actually innocent. *See House v. Bell*, 547 U.S. 518, 538 (2006). To support a claim of actual innocence, Cunningham must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Cunningham must establish that it was more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *See House*, 547 U.S. at 537. Here, Cunningham presents no new evidence and his bare assertion of innocence does not meet the "demanding and seldom met" threshold. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (citations and quotation marks omitted). Cunningham's procedural default precludes the Court from considering his habeas petition. 28 U.S.C. § 2254(b)(1)(A). The Court therefore dismisses his petition in its entirety.

## C. Certificate of Appealability

Because Cunningham's petition is untimely in part and procedurally defaulted in its entirety, the Court dismisses the petition with prejudice. A petitioner may not appeal the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court unless the court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a). A certificate of appealability may issue only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows "both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). For the reasons discussed above, Cunningham has not made that substantial showing of the denial of a constitutional right: reasonable jurists would not debate whether the challenges in his habeas petition should been resolved differently or determine that Cunningham deserves encouragement to proceed further with his habeas claims. *See Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000). Cunningham's petition was untimely in part and procedurally defaulted and no exceptions apply. The Court therefore declines to issue a certificate of appealability.

## **CONCLUSION**

For the reasons stated herein, the Court dismisses Cunningham's Petition for Writ of Habeas Corpus [1] with prejudice and declines to issue a Certificate of Appealability.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 7/17/2015